UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILIP MOSIER,

    Applicant,

v.                                                CASE NO. 8:16-cv-551-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

    Mosier applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state convictions for robbery with a deadly weapon and sexual battery either with a weapon or with force, for which he is imprisoned for thirty years. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court . . . ." Mosier is barred from pursuing this second or successive application.

    Mosier's earlier challenge to this same conviction in 8:11-cv-578-T-23TBM was rejected on the merits. Mosier is precluded from pursuing a second or successive application without permission from the Eleventh Circuit Court of Appeals. "Before

a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999).

Mosier misrepresents that he is now imprisoned under a new judgment that entitles him to a new one-year limitation. Mosier asserts that on April 16, 2015, the circuit court granted his motion to correct jail credit under Rule 3.801, Florida Rules of Criminal Procedure. The online docket for the Circuit Court for Manatee County, Florida, confirms Mosier's assertion that he was awarded one additional day of jail credit. The online docket also shows that Mosier moved the circuit court to order the clerk to enter a new judgment (Doc. 211 at 2 in 2003CF002650AX), which motion the circuit court denied (Doc. 212 in 2003CF002650AX). Consequently, Mosier knowingly misrepresents that he is imprisoned based on the entry of a new judgment. Additionally, the finality of a sentence is unaffected by a later modification of sentence that does not replace the original judgment. *See, e.g.*, *Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011) ("[A] district court's reduction of a term of imprisonment under Rule 35(b) has no impact on the 'finality' of a defendant's 'judgment of conviction' and does not alter the 'date on which the judgment of conviction becomes final' for the purposes of the statute of limitations.") (quoting *United States v. Sanders*, 247 F.3d 139, 142–144 & n. 2 (4th Cir. 2001)); *United States v.*

*Ragin*, 460 Fed. App'x 282, 382–83 (11th Cir. 2012)[*] ("The district court's amended judgment sentencing Ragin to time served does not affect the finality of the court's initial judgment of conviction.").

Accordingly, the application for the writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice. The clerk must enter a judgment against Mosier and close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Mosier is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Mosier must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly a second or successive application without the required permission from the circuit court, Mosier is entitled to neither a COA nor leave to appeal *in forma pauperis*.

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Mosier must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 16, 2016.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE